IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH AND WELFARE TRUST FUND, PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 ANNUITY FUND, THE FUND FOR THE TRAINING OF APPRENTICES AND JOURNEYMEN PLUMBERS AND STEAMFITTERS OF LOCAL UNION NO. 137, INTERNATIONAL TRAINING FUND, INDUSTRY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PER CAPITA FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 MARKET RECOVERY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 COPE FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 NEW BUILDING FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 SAVINGS FUND, and PLUMBERS AND STEAMFITTERS LOCAL #137, <br><br>          Plaintiffs, <br><br>v. <br><br>AC CROWDER CORPORATION and AARON CROWDER, <br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) |

## **COMPLAINT**

NOW COME the plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendants, AC CROWDER CORPORATION and AARON CROWDER, individually, and allege as follows:

**Jurisdiction**

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA").

2. This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

**Venue**

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because defendant AC Crowder Corporation is located and does business in Sangamon County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Springfield division.

**PARTIES**

5. Plaintiffs, East Central Illinois Pipe Trades Health and Welfare Trust Fund, Plumbers & Pipefitters National Pension Fund, Plumbers and Steamfitters Local #137 Pension Fund, and Plumbers and Steamfitters Local #137 Annuity Fund, are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an agreements and declarations of trust, as amended and restated (the "trust agreements").

6. A true and accurate copy of the trust agreement for East Central Illinois Pipe Trades Health and Welfare Trust Fund is attached hereto as Exhibit "A" and is fully incorporated herein and made a part hereof by this reference.

7. A true and accurate copy of relevant provisions of the trust agreement for Plumbers & Pipefitters National Pension Fund is attached hereto as Exhibit "B" and is fully incorporated herein and made a part hereof by this reference.

8. A true and accurate copy of the trust agreement for Plumbers and Steamfitters Local #137 Pension Fund is attached hereto as Exhibit "C" and is fully incorporated herein and made a part hereof by this reference.

9. A true and accurate copy of the trust agreement for Plumbers and Steamfitters Local #137 Annuity Fund is attached hereto as Exhibit "D" and is fully incorporated herein and made a part hereof by this reference.

10. The remaining plaintiffs are employee benefit funds maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of agreements and declarations of trust, as amended and restated; or labor organizations, labor-management committees, and/or funds established pursuant to a collective bargaining agreement.

11. The Plumbers and Steamfitters Local #137 Pension Fund and other Local 137 Funds coordinate a centralized point of collection of contributions due from employers to the plaintiffs.

12. AC Crowder Corporation is an Illinois corporation doing business in Illinois.

13. Aaron Crowder is an individual residing in Sangamon County, Illinois.

**Factual Allegations**

14. AC Crowder Corporation is a party to, or otherwise bound by, a collective bargaining agreement with Plumbers and Steamfitters Local 137 (the "Union") (a copy of the collective bargaining agreement is attached hereto as Exhibit "E" and is fully incorporated herein and made a part hereof by this reference).

15.	Pursuant to the collective bargaining agreement, AC Crowder Corporation is required to report hours worked by its employees each month and pay contributions for the hours worked to the plaintiffs.

16.	AC Crowder Corporation employs or has employed members of the Union, who are also participants in the employee benefit funds administered by the plaintiffs.

17.	AC Crowder Corporation has employed individuals who performed hours of bargaining unit work for which fringe benefit contributions are owed to the plaintiffs under the provisions of the collective bargaining agreement and trust agreements for the period including April 2019 to present.

18.	The collective bargaining agreement binds AC Crowder Corporation to the provisions of the trust agreements.

19.	AC Crowder Corporation is required under the collective bargaining agreement and trust agreements to pay contributions to plaintiffs for the hours of bargaining unit work performed by its employees each month.

20.	Pursuant §1145 of ERISA, the AC Crowder Corporation is required to pay fringe benefit contributions to the plaintiffs in accordance with the terms and conditions of the trust agreements.  *See* 29 U.S.C. §1145.

21.	AC Crowder Corporation is required under the collective bargaining agreement and trust agreements to provide plaintiffs with written reports each month identifying hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

22.	AC Crowder Corporation's remittance reports with payment of fringe benefit contributions owed are due to the plaintiffs by the 15th day of the month following the month in which the hours were worked by defendant's employees.

## COUNT I
### Delinquent Contributions

1-22.   Plaintiffs re-asserts and re-allege paragraphs 1 through 22 as paragraphs 1 through 22 of count I as if fully set forth herein.

23.   AC Crowder Corporation ("defendant") provided hours reports to plaintiffs which identify certain hours worked by defendant's employees over the period of April 2019 through September 2019.

24.   Contributions are owed to the plaintiffs for the reported hours worked by its employees.

25.   Defendant has failed to pay plaintiffs the contributions owed for the reported hours worked by its employees over the period of April 2019 through September 2019.

26.   Defendant breached the provisions of the collective bargaining agreement and trust agreements by failing to timely report hours worked by its employees and paying the contributions that were owed to the plaintiffs.

27.   Pursuant to applicable provisions of ERISA, the collective bargaining agreement and trust agreements, defendant owes interest on delinquent contributions and liquidated damages.

28.   Defendant owes plaintiffs the known sum, after all just credits, of $45,467.90 for the period of April through September of 2019.

29.   Plaintiffs have demanded that defendant pay plaintiff the contributions and other amounts owed, but defendant has refused or otherwise failed to pay to plaintiffs the contributions and other amounts owed.

30.   Pursuant to the terms of the collective bargaining agreement and trust agreements, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That judgment is entered in favor of plaintiffs and against defendant in the amount of $45,467.90, plus all such other monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, dues, liquidated damages, interest, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiffs in the collection of delinquent contributions owed by the defendant.

B. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C. That defendant is decreed to pay all costs attendant to these proceedings;

D. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## COUNT II
### Compel Delinquent Reports / Accounting

1-22. Plaintiffs re-assert and re-allege paragraphs 1 through 22 as paragraphs 1 through 22 of count II as if fully set forth herein.

23. AC Crowder Corporation ("defendant") stopped reporting hours and paying contributions in or around January 2020.

24. Defendant has failed to provide remittance reports for the months of December 2019 through present.

25. Plaintiffs have demanded that defendant provide plaintiffs remittance reports for the months of January 2020 through present, but defendant has refused or otherwise failed to provide plaintiffs with remittance reports.

26. Pursuant to the trust agreements, plaintiffs have the right to examine the payroll books and records of the defendant to confirm the accuracy of defendant's reporting of hours worked to determine whether the defendant has paid plaintiffs all fringe benefit contributions owed over a period of time as determined by the plaintiffs.

27. Defendant breached the provisions of the collective bargaining agreement and trust agreements by refusing and failing to report hours and pay contributions to the plaintiffs for the months of January 2020 through present.

28. Defendant owes plaintiffs for all unpaid fringe benefit contributions, and any other amounts determined due by audit, or through reporting forms submitted by defendant, for all hours of work performed by its employees for the period of January 2020 through present, or any other period covered by audit.

29. To the extent unpaid contributions or other amounts are determined to be owed to plaintiffs under the audit, or otherwise, defendant breached the provisions of the collective bargaining agreement and trust agreement by underpaying the fringe benefit contributions or other amounts that were owed to the plaintiffs for hours of work performed by its employees.

30. Pursuant to the terms of the collective bargaining agreement and trust agreements, the defendant is liable for interest, liquidated damages, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiffs in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A. That defendant is ordered to provide and make available to plaintiffs or its auditor, within thirty (30) days of such order, all of defendant's payroll and other business records and remittance reports for a period that commences with a date to be determined by the plaintiffs

through a future ending date to be determined by plaintiffs (the "audit period");

B. That plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing over the audit period to be determined by the plaintiffs, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiff is entitled to pursuant to the trust agreement, labor agreements and ERISA;

C. That judgment is entered in favor of plaintiff and against defendant for all fringe benefit contributions, interest, liquidated damages, and other amounts owed to plaintiffs over the audit period;

D. That defendant be decreed to pay to the plaintiffs all such monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees and costs, as may be provided by the collective bargaining agreement, the trust agreements, and ERISA (29 U.S.C. Section 1132(g)(2));

F. That defendant is decreed to pay all costs attendant to these proceedings;

G. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

## Count III
## Delinquent Contributions – Breach of Promissory Note

1-22. Plaintiffs re-assert and re-allege paragraphs 1 through 22 as paragraphs 1 through 22 of count III as if fully set forth herein.

23. AC Crowder Corporation and Aaron Crowder, individually, gave plaintiffs a

promissory note in the principal amount of $46,467.90.

24. A true and accurate copy of the promissory note is attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

25. The promissory note was not used in a consumer transaction.

26. Pursuant to the promissory note, AC Crowder Corporation and Aaron Crowder, individually, agreed to be jointly and severally obligated to pay plaintiffs the principal sum of $46,467.90.

27. Pursuant to the promissory note, AC Crowder Corporation and Aaron Crowder, individually, promised to pay the principal sum over time and to pay interest at a rate of 9% per annum.

28. AC Crowder Corporation made the first payment under the promissory note.

29. AC Crowder Corporation and Aaron Crowder, individually, breached the provisions of, and is in default under, the promissory note as a result of failing to timely make the second payment due under the promissory note, which was due by August 15, 2020.

30. AC Crowder Corporation and Aaron Crowder, individually, breached the provisions of, and is in default under, the promissory note as a result of refusing and failing to report hours and pay contributions to the plaintiffs for the months of January 2020 through present.

31. Pursuant to the provisions of the promissory note, if AC Crowder Corporation and Aaron Crowder, individually, are in default, the plaintiff may and hereby does declare the entire unpaid principal balance plus interest immediately due and payable without notice.

32. The unpaid principal balance plus interest owed by the defendant under the Promissory Note is $56,346.26.

33. Plaintiffs have incurred attorneys' fees and costs in the enforcing plaintiffs' rights

under the promissory note, which are recoverable from AC Crowder Corporation and Aaron Crowder, individually, under the provisions of the promissory note.

WHEREFORE, plaintiffs pray as follows:

A.  That judgment is entered in favor of plaintiffs and against AC Crowder Corporation and Aaron Crowder, individually, jointly and severely, in the sum of $56,346.26, or whatever other amounts are due and owing under the promissory note at the time judgment is entered;

B.  That defendants are decreed to pay to the plaintiffs their reasonable attorneys' fees and costs pursuant to the provisions of the promissory note;

C.  That defendants are decreed to pay all costs attendant to these proceedings;

D.  That plaintiffs are awarded, at defendants' cost, such further and other relief as may be just and equitable.

>                EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND *et al*., Plaintiffs,
>
> By:    s/ John P. Leahy
>            JOHN P. LEAHY
>            CAVANAGH & O'HARA LLP
>            Attorneys for Plaintiffs
>            2319 W. Jefferson Street
>            Springfield, IL 62702
>            (217) 544-1771 – Telephone
>            (217) 544-9894 – Facsimile
>            johnleahy@cavanagh-ohara.com