# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH AND WELFARE TRUST FUND, PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 ANNUITY FUND, THE FUND FOR THE TRAINING OF APPRENTICES AND JOURNEYMEN PLUMBERS AND STEAMFITTERS OF LOCAL UNION NO. 137, INTERNATIONAL TRAINING FUND, INDUSTRY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PER CAPITA FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 MARKET RECOVERY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 COPE FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 NEW BUILDING FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 SAVINGS FUND, and PLUMBERS AND STEAMFITTERS LOCAL #137, <br><br>    Plaintiffs, <br><br>v. <br><br>AC CROWDER CORPORATION and AARON CROWDER, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No.  20-3234 |

STATE OF ILLINOIS           )
                            ) SS:
COUNTY OF SANGAMON          )

Page **1** of 7

## AFFIDAVIT OF AARON W. GURNSEY

NOW COMES the Affiant, AARON W. GURNSEY, and does hereby duly state under oath:

1. I am the Business Manager and Financial Secretary of UA Local 137 Plumbers, Steamfitters and HVACR (the "Union"), and a Trustee of Plumbers & Steamfitters Local #137 Pension Fund (the "Fund").

2. The Plumbers & Steamfitters Local #137 Pension Fund, as part of its normal operating procedures,

   a. maintains files containing copies of the collective bargaining and other labor agreements signed by each employer and copies of contribution reports submitted by each contributing employer;

   b. maintains a record of all hours of work reported and contributions which are paid to the Fund by each contributing employer;

   c. conducts payroll compliance audits to ensure that employers are complying with their obligations under the collective bargaining agreement and paying all fringe benefit contributions that are owed to the Fund; and

   d. acts as a point of collection for contributions and working dues owed to various other funds and labor organizations under applicable collective bargaining agreements.

3. I have reviewed and am familiar with the regular business records maintained by the Fund and the Union for AC Crowder Corporation ("AC Crowder"), and my statements herein are based upon my review of and familiarity with such records and this employer.

4. I am also familiar with the current litigation involving this employer and the claims being made by the plaintiffs in this litigation.

5. AC Crowder:

   a. is a party to the collective bargaining agreement with the Union that is attached to the complaint in this case;

b.  is required to report hours and pay contributions to the various plaintiffs in this case under the collective bargaining agreement;

c.  employs or has employed individuals who are or were previously participants in the employee benefit funds administered by the various plaintiffs in this case;

d.  employs individuals who have performed hours of bargaining unit work for which fringe benefit contributions are owed and have not been paid to the various plaintiffs in this case under the provisions of the collective bargaining agreement;

e.  is required under the collective bargaining agreement to provide the various plaintiffs in this case with written reports each month detailing hours worked by its employees and to make payment of the contributions that are due to the various plaintiffs in this case;

f.  is required to provide to the various plaintiffs in this case the written reports of hours worked and make payment of contributions due by the 15th day of the month following the month in which the hours were worked by its employees;

6.  An audit has been completed of the payroll records of AC Crowder for the period of April 1, 2017 through March 31, 2021 (the "audit period") by the Fund's auditor, Romolo & Associates, LLC ("Romolo & Associates").

7.  I have reviewed the Fund's audit report and the report found that AC Crowder is delinquent in reporting hours worked by its employees and paying contributions and working dues owed over the audit period to the Fund and certain other funds and labor organizations for which the Fund acts as a point of collection for payments due under the collective bargaining agreement.

8.  The audit report determined that AC Crowder owes additional contributions and working dues totaling $103,271.05.

9. Based upon the audit report, the Fund has calculated contributions and other amounts owed to the Fund pursuant to the provisions of the collective bargaining agreement and the Fund's trust agreement.

10. Under Section 4.6 of the Fund's trust agreement, AC Crowder owes the Fund liquidated damages of 10% of the balance due for unpaid contributions.

11. Under Section 4.9 of the Fund's trust agreement, AC Crowder owes the Fund the cost of the audit performed by Romolo & Associates.

12. Based upon the audit report, AC Crowder owes the Fund and the other funds and labor organizations for which the Fund acts as a point of collection for payments due under the collective bargaining agreement, after all just credits, exclusive of attorneys' fees and costs, known amounts of $114,465.64 as itemized below:

| | |
|---|---|
| Contributions: | $103,271.05 |
| Audit Costs: | $867.48 |
| Liquidated Damages: | $10,327.11 |
| | --------------- |
| | $114,465.64 |

13. The Fund is in critical status and sent AC Crowder a Notice of Critical Status in July 2020. The Notice of Critical Status advised that:

> The law requires all contributing employers pay to the plan a surcharge to help correct the plan's financial situation. The amount of the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan under the applicable collective bargaining agreement. With some exceptions, a 5% surcharge is applicable in the initial critical year and a 10% surcharge is applicable for each succeeding plan year thereafter in which the plan is in critical status.

14. In August 2020, the Fund notified AC Crowder that it had adopted a Rehabilitation Plan, which contained two Schedules that would enable the Fund to emerge from critical status and that AC Crowder was required to adopt one of the two Schedules.

15. Under the Fund's Rehabilitation Plan, a mandatory surcharge equal to 5% of the contributions otherwise required to be remitted to the Fund went into effect September 1, 2020, and remains in effect for contributing employers until the adoption of a Schedule consistent with the Rehabilitation Plan.

16. AC Crowder has not adopted a Schedule under the Rehabilitation Plan, and therefore, owes a mandatory surcharge equal to 5% of the contributions otherwise required to be remitted to the Plan from September 1, 2020 through the end of the audit period of March 31, 2021.

17. The Fund has calculated that AC Crowder owes surcharges totaling $978.00, which have not been paid, by multiplying the pension contributions of $19,560 that are identified as being owed under the audit report from September 1, 2020 through March 31, 2021 by five percent (5%).

18. Prior to the pending lawsuit, AC Crowder was delinquent in paying the plaintiffs certain contributions that were required to be paid under the collective bargaining agreement and applicable provisions of ERISA.

19. AC Crowder and Aaron Crowder gave the plaintiffs a promissory note in the principal amount of $46,467.90, which consisted of amounts owed for the contributions and certain liquidated damages and interest charges that were assessed on the contributions.

20. AC Crowder and Aaron Crowder agreed to be jointly and severally obligated to pay the amounts due under the promissory note plus interest at 9% per annum.

21. AC Crowder and Aaron Crowder agreed to make monthly payments of $1,000.00 each and have made 5 payments due under the promissory note but have only made 1 payment since October 2020.

22. AC Crowder and Aaron Crowder are delinquent in making the payments under the promissory note and have not made a payment since March 2021.

23. AC Crowder and Aaron Crowder are in default under the promissory note and the plaintiffs have declared the entire unpaid principal balance plus interest immediately due and payable.

24. The plaintiffs have calculated, after giving credit for payments received, that the unpaid principal balance plus interest under the promissory note is $52,346.26.

25. Under Section 4.8 of the Fund's trust agreement, AC Crowder owes the Fund all expenses incurred by the Fund in collecting contributions, including reasonable attorneys' fees.

26. The Fund has retained the law firm of Cavanagh & O'Hara LLP to enforce the Fund's rights under the collective bargaining agreement, its trust agreement, the promissory note, and ERISA to collect contributions and other sums due to the Fund from the defendants, and to compel the defendants to meet their obligations under the collective bargaining agreement.

27. The Fund has incurred significant attorneys' fees and costs by having to bring and prosecute this action as well as in engage in general pre-litigation enforcement and collection action, all of which was necessary due to the conduct of AC Crowder, which includes, without limitation, routinely failing to timely report and pay contributions, defaulting under the terms of negotiated payment plans, delaying and being non-responsive to demands for monthly hours reports and payment of contributions.

28. The attorneys' fees and costs that have been incurred are reasonable and necessary and detailed in attorney fee affidavit that is attached as an exhibit to the Fund's motion for entry of final judgment.

29. That each of the statements herein is true and correct and known to me of my personal knowledge and if called as a witness, I would competently testify thereto.

FURTHER AFFIANT SAYETH NOT.

AARON W. GURNSEY

SUBSCRIBED and SWORN to a Notary Public this 17 day of June 2021.

OFFICIAL SEAL
JOHN P. LEAHY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-20-2024

NOTARY PUBLIC