# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH AND WELFARE TRUST FUND, PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PENSION FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 ANNUITY FUND, THE FUND FOR THE TRAINING OF APPRENTICES AND JOURNEYMEN PLUMBERS AND STEAMFITTERS OF LOCAL UNION NO. 137, INTERNATIONAL TRAINING FUND, INDUSTRY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 PER CAPITA FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 MARKET RECOVERY FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 COPE FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 NEW BUILDING FUND, PLUMBERS AND STEAMFITTERS LOCAL #137 SAVINGS FUND, and PLUMBERS AND STEAMFITTERS LOCAL #137, <br><br>　　　　　Plaintiffs, <br><br> v. <br><br> AC CROWDER CORPORATION and AARON CROWDER, <br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 20-3234 ) ) ) ) ) ) |

STATE OF INDIANA　　　　　)
　　　　　　　　　　　　　) SS:
COUNTY OF MARION　　　　)

**AFFIDAVIT OF MEL COX**
**IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT**

NOW COMES the Affiant, MEL COX, and does hereby duly state:

Page 1 of 4

1. I am the Administrator for the East Central Illinois Pipe Trades Health & Welfare Fund (the "Fund") and oversee the coordination of collections for the Fund.

2. The Fund provides health and welfare and other benefits to the employees of various employers who make contributions to the Fund pursuant to collective bargaining agreements between employers and local labor organizations.

3. The Fund, as part of its normal operating procedures, (i) maintains copies of contribution reports submitted by contributing employers and records hours of work reported and contributions paid to the Fund by contributing employers; (ii) monitors contributing employers reporting of, or the failure to report contributions on a monthly basis; (iii) conducts payroll compliance audits to ensure that employers are complying with their obligations under the collective bargaining agreements and paying all contributions that are owed to the Fund.

4. I have reviewed and am familiar with the regular business records maintained by the Fund for AC Crowder Corporation ("AC Crowder"), and my statements herein are based upon my review of and familiarity with such records.

5. AC Crowder has employees who are participants in the employee benefit fund administered by the Fund pursuant to a collective bargaining agreement.

6. AC Crowder is required under the collective bargaining agreement and the Fund's trust agreement to report to the Fund the hours of covered work performed by its employees each month.

7. AC Crowder is required under the collective bargaining agreement and the Fund's trust agreement to promptly pay fringe benefit contributions to the Fund for the hours of covered work performed by its employees each month.

8. An audit has been completed of the payroll records of AC Crowder for the period of April 1, 2017 through March 31, 2021 (the "audit period") by the Fund's auditor, Romolo & Associates, LLC (Romolo & Associates").

9. I have reviewed the Fund's audit report and the report found that AC Crowder is delinquent in reporting hours worked by its employees and paying contributions owed to the Fund over the audit period.

10. The audit report determined that AC Crowder owes the Fund additional contributions totaling $51,482.05.

11. Based upon the audit report, the Fund has calculated contributions and other amounts owed to the Fund pursuant to the provisions of the collective bargaining agreement and the Fund's trust agreement.

12. Under Section 4.4 of the Fund's trust agreement, AC Crowder owes the Fund liquidated damages of 10% of the balance due for unpaid contributions.

13. Under Section 4.6 of the Fund's trust agreement, AC Crowder owes the Fund the cost of the audit performed by Romolo & Associates.

14. AC Crowder owes the Fund based upon the audit report, after all just credits, exclusive of attorneys' fees and costs, known amounts of $57,498.51 as itemized below:

| | |
|---|---|
| Contributions: | $51,482.05 |
| Audit Costs: | $868.25 |
| Liquidated Damages: | $5,148.21 |
| | $57,498.51 |

15. Under Section 4.4 of the Fund's trust agreement, AC Crowder owes the Fund all expenses incurred by the Fund in collecting contributions, including reasonable attorneys' fees.

Page 3 of 4

16.  The Fund has retained the law firm of Cavanagh & O'Hara LLP to enforce the Fund's rights under the collective bargaining agreement, its trust agreement, the promissory note, and ERISA to collect contributions and other sums due to the Fund from the defendants, and to compel the defendants to meet their obligations under the collective bargaining agreement.

17.  The Fund has incurred significant attorneys' fees and costs by having to bring and prosecute this action as well as in engage in general pre-litigation enforcement and collection action, all of which was necessary due to the conduct of AC Crowder, which includes, without limitation, routinely failing to timely report and pay contributions, defaulting under the terms of negotiated payment plans, delaying and being non-responsive to demands for monthly hours reports and payment of contributions.

18.  The attorneys' fees and costs that have been incurred are reasonable and necessary and detailed in attorney fee affidavit that is attached as an exhibit to the Fund's motion for entry of final judgment.

19.  That each of the statements herein is true and correct and known to me of my personal knowledge and if called as a witness, I would competently testify thereto.

FURTHER AFFIANT SAYETH NOT.

## VERIFICATION

Under penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

MEL COX